*119 Opinion of the Court. — This is a question upon the establishment of the will of Bernard Linginfetter, deceased; so that the facts, as well as the law, are to be adjudicated on by this court. The writing contended for by the plaintiffs, as the last will and testament of said Bernard, is dated on the first day of April 1803, and is the same which was produced to the Fayette county court, and by them was refused to be admitted to record ; because, in their opinion, the said will was revoked by the said testator in his life time, by his having executed another writing, purporting to be his will, subsequent to the time at which the first will was executed.
Aítsofi79f-7 162, § i,2, 3, i b»d. 377.
The substance ofthe testimony, so far as thé same ⅞ thought material, is contained in the following state-tneot:
The will now under consideration is proved by three °f the four subscribing witnesses thereto, to have been signed by them in the presence and at the request of the sai^ testator, who declaimed the same to be his last will and testament;
It is also proved, that, subsequent to that time, the testator had another will drawn, which was also executed by him in like manner ; and it is admitted by the plaintiffs that in the w ill last drawn there was a clause expressly revoking all former wills. It is further in evidence, that the writing last mentioned was destroyed by the testator, in his life time ; or at least by his direction ; and after it Was destroyed he declared that the will written by Parker (which is the one now in contest) should be his last will and testament;
There is no testimony shewing that the testator ever entertained an idea of dying intestate, and leaving his property to the disposition of the law ; so far from it, he appears in his last illness to have been extremely solicitous so to arránge his business as to prevent all contro-f/érsy among his heirs after his death ; and a very short timé previous to his death, and after the will last made had been destroyed, he seemed, in a conversation with one of the witnesses, to felicitate himself, because he-had so fixed his estate, that no controversy could arise about his "property among his heirs-
There is also evidence of the testator having repeatedly observed, that he intended to give a greater portion of his estate to some of his children than to others, because they had rendered him greater services. It also áppears, that the testator had both wills in his house, and that the one last written was destroyed, and the first retained uncancelled;
The court, from this statement of the case, aré of tipi¿ nion, that although a second writing was executed by the testator, which, at the time of executing, he intended should be his will; that he afterwards destroyed it, for the purpose of making the will now before the court operate as his last will and testament. It, therefore, only remains for the court to determine, whether, under such circumstances, the writing now in contest can be estab- *121 iished as the last will and testament of the said Bernard Linginfetter, deceased.
The cases of Goodright, on the demise of Glazier, vs. Glazier, 4 Bar. 2512 — Harwood vs. Goodright, Cowper 87 — Onions vs. Tyrer, 2 Vernon 741, and many other eases which might be cited, clearly prove that the bare act of making a subsequent will, which is itself cancelled by the testator in his life time, shall not amount to a revocation of a former ■drill, which has remained in the possession of the testator until his death, uncancelled ; and much less should it be considered as a revocation* when Such last will (as in the present case) hás been destroyed by the testator* with an avowed intention of giving efficacy to the first. — —-Judgment establishing the will.